OVERSEAS EDUCATION
ASSOCIATION, INC.,
Petitioner,

v.

FEDERAL LABOR RELATIONS
AUTHORITY, Respondent.

No. 87–1576.

United States Court of Appeals,
District of Columbia Circuit.

Argued May 3, 1988.
Decided Aug. 31, 1988.*

* This opinion was previously released to the parties as an unpublished memorandum. It has been published pursuant to D.C.Cir. Rule 14(e).

Richard J. Hirn, with whom, Washington, D.C., Ronald R. Austin, was on the brief, for petitioner.

James F. Blandford, Atty, Federal Labor Relations Authority, with whom Ruth E. Peters, Sol., William E. Persina, Deputy Sol., Arthur A. Horowitz, Associate Sol., Federal Labor Relations Authority, Washington, D.C., were on the brief, for respondent. William R. Tobey and Jill A. Griffin, Attys., Federal Labor Relations Authority, Washington, D.C., also entered appearances for respondent.

Before EDWARDS and WILLIAMS, Circuit Judges, and WEIGEL **, Senior District Judge.

## JUDGMENT

PER CURIAM.

This case was considered on the record on the petition for review from the Federal Labor Relations Authority, on the briefs filed by the parties and on oral arguments of counsel. The court has determined that the issues presented occasion no need for a published opinion. *See* D.C.Cir. Rule 14(c). For the reasons set forth in the accompanying memorandum, it is

ORDERED and ADJUDGED that the union's petition for review is denied and the decision of the Federal Labor Relations Authority is affirmed.

The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. *See* D.C.Cir. Rule 15.

## MEMORANDUM

Petitioner Overseas Education Association (OEA or union) seeks review of a decision by respondent Federal Labor Relations Authority (FLRA or Authority) holding two union proposals to be nonnegotiable. *Overseas Education Association, Inc. and Department of Defense Dependents Schools,* 29 F.L.R.A. (No. 61) 734 (1987); reproduced in Joint Appendix (JA) at 1.

The proposals were made during collective bargaining negotiations between the Department of Defense Dependents Schools (DODDS or agency), which operates schools overseas for U.S. military dependents, and the OEA, which is the certified bargaining representative for several thousand DODDS teachers worldwide. The FLRA determined that the union's proposals were outside the scope of the agency's statutory duty to bargain. JA at 11–13, 86–87. Pursuant to 5 U.S.C. § 7123(a), the union petitioned this Court for review of the FLRA's decision.

■ The Court's standard of review is deferential to the Authority. Review of FLRA decisions is made in accordance with the Administrative Procedures Act, which provides that agency actions may be set aside only if they are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. §§ 7123(c) & 706(2)(A); *Overseas Educ. Ass'n, Inc. v. F.L.R.A.,* 827 F.2d 814, 816 (D.C.Cir.1987). When the FLRA is construing its enabling legislation, as on the scope of the duty to bargain, its determinations are accorded "considerable deference" and will be upheld if "reasonably defensible." *OEA,* 827 F.2d at 816. Congress intended that the judgment and balancing essential to such decisions be exercised not by the Courts but by the Authority. *National Treas. Emp. U. v. Federal Labor Relations,* 691 F.2d 553, 561 (D.C. Cir.1982).

■ The union's first proposal concerns the performance appraisal system for DODDS employees. JA at 11. The agency objected to two of the proposal's phrases as nonnegotiable. The first phrase states that "[s]tudent test results shall not be used in any way to evaluate unit employees." The Authority found that the proposal would require the agency to negotiate over the content of performance standards, which it has held outside the duty to bargain. *See National Federation of Federal Employees and Haskell Indian Junior College,*

** Of the United States District Court for the Northern District of California, sitting by designation pursuant to 28 U.S.C. 294(d).

*Bureau of Indian Affairs, Department of the Interior, Lawrence, Kansas,* 22 F.L.R.A. (No. 57) 539 (1986) (proposal prohibiting use of class enrollment statistics to evaluate performance of instructors nonnegotiable).

It is well established that the content of performance standards is nonnegotiable. *E.g., National Treas. Emp. U.,* 691 F.2d at 562–63; *Nat. Treasury Employees v. Fed. Labor Rel. Auth.* 767 F.2d 1315, 1317 (9th Cir.1985). Bargaining over the content of performance standards would interfere with management's formulation of the quality, quantity, and timeliness criteria necessary to assign work and direct employees. *National Treas. Emp. U.,* 691 F.2d at 563. OEA's proposal barring the use of student test results to evaluate employees would prevent the agency from establishing any performance standard which relied on such test scores. The proposal thus intrudes on management's exclusive right to determine the substance of performance standards, and is outside the agency's duty to bargain.

The union argues, however, that the proposal is negotiable because prohibitions on the use of factors outside the employee's control are within the duty to bargain. The union maintains that as student test scores are always outside the employee's control, a prohibition on their use is negotiable. This position is not well taken. The performance standards proposals which have been held negotiable established general standards to be employed in grievance proceedings by arbitrators to evaluate management's application of performance criteria to employees. *E.g., American Federation of Government Employees, AFL–CIO, Local 2849 and Office of Personnel Management, New York Regional Office,* 7 F.L.R.A. 571, 575–76 (1982); *Nat. Treasury Employees,* 767 F.2d at 1317–18; *A.F.G.E. Local 3748 v.*

*F.L.R.A.,* 797 F.2d 612, 615–16 (8th Cir. 1986).

The union's proposal here goes to formulation of the content of performance standards, not to their application, and is therefore nonnegotiable.[1] It is not anomalous that an agency action can be nonnegotiable and yet subject to a later determination by an arbitrator that it was in violation of applicable standards. The Authority has made a reasonable distinction between permitting third-party review of management-established performance standards and permitting the union to bargain with the agency over the standards' initial content. The FLRA's decision that the first phrase is nonnegotiable is affirmed.

 The second disputed phrase concerns the methods the agency will use to monitor employees' work performance. JA at 11–12. The union's proposal would prevent any monitoring of employee performance by clandestine surveillance and limit the agency to use of direct observation by supervisors. The Authority found the proposal nonnegotiable because it would prohibit the agency from determining the most appropriate methods for evaluating employees, in violation of its rights to assign work and direct employees. *See National Treasury Employees Union and NTEU Chapter 91 and Department of the Treasury, Internal Revenue Service, Southwest Region,* 19 F.L.R.A. (No. 82) 647, 648 (1985).

The union argues that the proposal is negotiable because it concerns the procedures by which management carries out its statutory rights. *See* 5 U.S.C. § 7106(b)(2). The proposal would effectively prevent management from using any information derived from clandestine surveillance. Despite being framed in procedural terms, this limitation on the techniques the agency may use to gather data necessary to evaluate employee performance directly inter-

---

**1.** The Authority's recent decision in *Newark Air Force Station and American Federation of Government Employees, Local 2221* is of no assistance to petitioner. 30 F.L.R.A. (No. 76) 616 (December 29, 1987). *Newark Air Force Station* held that a grievance alleging violation of applicable law by management in establishing performance standards is arbitrable even if no employee yet has been evaluated under the standards. *Id.* at 616. The case says nothing about negotiability of the content of performance standards. It only permits expanded arbitral review of the standards once management has established them.

feres with management's right to make substantive employment decisions. As such, the proposal is not procedural and is outside the duty to bargain. *See AFGE, AFL–CIO, Local 1923 v. FLRA,* 819 F.2d 306, 308 (D.C.Cir.1987). The FLRA's finding of nonnegotiability here is affirmed.

Finally, the agency objected to the union's second proposal to establish payroll deductions for Political Action Committee (PAC) contributions. JA at 86–87. The Authority determined that the proposed allotment was nonnegotiable since it was not directly related to a condition of employment affecting bargaining unit employees. *See National Association of Air Traffic Specialists and Department of Transportation, Federal Aviation Administration,* 6 F.L.R.A. (No. 106) 588, 591–93 (1983).

The duty to bargain extends only to "conditions of employment," which are defined as "personnel policies, practices, and matters established by rule, regulation or otherwise, affecting working conditions." 5 U.S.C. §§ 7103(a)(14) & 7114(b)(2). In determining whether a proposal involves a condition of employment, the Authority considers the effect of the proposal on employee working conditions. *Am. Fed. of Govern. Emp. Local 2094 v. F.L.R.A.,* 833 F.2d 1037, 1043 (D.C.Cir.1987). A direct link must be established between the proposal and working conditions. *Id.* The Authority's finding of only a "remote and speculative" connection between PAC contributions and improved working conditions is "reasonably defensible" and is affirmed. *Federal Aviation Administration,* 6 F.L. R.A. at 593; *Local 2094,* 833 F.2d at 1048.[2]

For the foregoing reasons, the union's two proposals are outside the agency's duty to bargain. Accordingly, the union's petition for review is denied and the decision of the FLRA is affirmed.

2. The Authority's holding that proposals on how employees are paid are negotiable is inapplicable to the instant case. *Federal Employees Metal Trades Council, AFL–CIO, and Department of the Navy, Mare Island Naval Shipyard, Vallejo, Cali-*

*fornia,* 25 F.L.R.A. (No. 31) 465 (February 2, 1987) (hand delivery versus direct deposit of paycheck). OEA's proposal does not involve the mechanism for delivery of employees' salaries, but rather how employees spend their money.